UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.

| | |
|---|---|
| IRIS AGUILAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MORLIN HOSPITALITY MANAGEMENT LLC a/k/a COCONUT CREEKS HOTEL, L.L.L.P. d/b/a HAMPTON INN & SUITES - COCONUT CREEK a/k/a HILTON HOTELS; MARRIOTT INTERNATIONAL, INC. d/b/a RESIDENCE INN BY MARRIOTT; and KELLEY M. MALONE, an individual, | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

## **COMPLAINT**

Plaintiff, IRIS AGUILAR ("Aguilar" or "Plaintiff"), sues the Defendants, MORLIN HOSPITALITY MANAGEMENT LLC a/k/a Coconut Creeks Hotel, L.L.L.P. d/b/a Hampton Inn & Suites – Coconut Creek a/k/a Hilton Hotels; MARRIOTT INTERNATIONAL, INC. d/b/a Residence Inn By Marriot; and KELLEY M. MALONE (collectively the "Defendants"), and alleges as follows:



www.saenzanderson.com

1

## NATURE OF ACTION

1. This action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") and the Equal Pay Act, 29 U.S.C. § 206(d)(1). This is also an action for race discrimination under 42 U.S.C. §1981.[1]

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §2617.

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Defendants do business and have hotels they own or manage in Broward County, Florida. In addition, upon information and belief, the employment records of Plaintiff are stored or have been administered, in Broward County, Florida.

## PARTIES

4. At all times material, Plaintiff was and is a resident of Broward County, Florida.

5. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

6. At all times material, Defendants manage hotels in Broward County, including, but not limited to, the Hampton Inn & Suites Coconut Creek and the Residence Inn by Marriott Coconut Creek (the "Hotels").

---

[1] Plaintiff filed a Charge of Disability Discrimination and Retaliation with the EEOC on or about September 29, 2020. As soon as the EEOC issues its Right to Sue, Plaintiff will likely move to amend this complaint to include claims of discrimination and retaliation under the applicable law.



www.saenzanderson.com

7. Defendants MORLIN HOSPITALITY MANAGEMENT LLC a/k/a Coconut Creeks Hotel, L.L.L.P. d/b/a Hampton Inn & Suites – Coconut Creek a/k/a Hilton Hotels; MARRIOTT INTERNATIONAL, INC. d/b/a Residence Inn By Marriot (the "Corporate Defendants") share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations.

8. Corporate Defendants share employees or interchange employees, work in the direct interest of one another, and their employees are in the common control of both companies. Defendants are an integrated enterprise, agents of one another, or joint employers. Alternatively, each Defendant is a covered employer under the FMLA.

9. At all times material, Defendants were "employers" as defined by 29 U.S.C.§ 2611(4).

10. At all times material, Defendant KELLEY M. MALONE (individually "Malone") worked as the general manager for the Hotels. Malone is a Caucasian, Non-Honduran woman. Malone, at all times relevant, was Plaintiff's direct supervisor.

11. The Corporate Defendants employ more than 50 employees within a 75-mile radio.

12. At the time of her unlawful termination, Plaintiff had worked for Defendants for over one year and had accumulated more than 1,250 hours of work.

## GENERAL ALLEGATIONS

13. At all times relevant, Plaintiff is and was a pregnant woman from Honduras.

14. At all times material, Plaintiff was employed by Defendants as a housekeeping manager from on or about November 2, 2018 until her wrongful termination on or about September 18, 2020.



www.saenzanderson.com

3

15. Plaintiff simultaneously worked for the Corporate Defendants. These Defendants simultaneously directed Plaintiff's work. Specifically, the Corporate Defendants employed Plaintiff as a "Dual Role Director of Housekeeping", which essentially meant that Plaintiff had to supervise the housekeeping departments in the two Hotels.

16. Plaintiff performed her work admirably and was revered by her colleagues with whom she worked.

17. As of the date of her wrongful termination on September 18, 2020, Plaintiff was pregnant.

18. Since approximately August 2020, Malone began to harass Plaintiff because Plaintiff began to take intermittent leave to go visit her doctors for issues related to her pregnancy. Malone specifically approved Plaintiff's time off requests to go see her doctors.

19. All leave taken by Plaintiff prior to her termination was approved leave.

20. Ms. Malone's reaction to Plaintiff's intermittent leave to see doctors was inhumane. Specifically, upon seeing Plaintiff take leave, Malone made statements such as "you are no good for me if you cannot work due to being sick; you should just go to my office and quit!" and "you need to take FMLA now, I do not care that you are not due to give birth yet!"

21. Plaintiff objected to Malone's remarks, and advised Malone that she was required to take FMLA leave at or around the time of her expected delivery date.

22. Ms. Malone became upset at Plaintiff's objection and warned Plaintiff that Malone was going to have a meeting with her superiors to decide "what to do with [Plaintiff]." Malone also warned Plaintiff that she was "not going to last long."

23. Plaintiff delivered her child on or about December 28, 2020.



24. Plaintiff was ultimately terminated by Defendants for what the Defendants claimed was the result of a performance-related complaint made by a hotel guest.

25. However, Defendants' reason for Plaintiff's termination was pretextual.

26. In addition, while employed by Defendants, Plaintiff was compensated for her work with a salary of fifty-five thousand dollars ($55,000) per year.

27. However, other male managers who were not Honduran, but who were similarly situated to Plaintiff, were compensated with higher salaries for the same or similar position and same job duties as Plaintiff. For instance, Plaintiff's white, non-Honduran male counterpart made approximately $100,000 per year, whereas a white, non-Honduran female counterpart made approximately $65,000 per year.

### COUNT I: INTERFERENCE WITH FMLA RIGHTS AGAINST THE CORPORATE DEFENDANTS

28. Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

29. Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

30. At all times material, Plaintiff gave proper notice to the Corporate Defendants by informing these defendants of her need to take intermittent leave and by informing these defendants that she was going to take leave at or around the time of her expected delivery date.

31. Plaintiff provided enough information for Corporate Defendants to know that her potential leave may be covered by the FMLA.

32. Corporate Defendants were aware that Plaintiff needed intermittent leave to go see her doctors for medical appointments related to her pregnancy and that Plaintiff was going to take FMLA leave at or around the time she gave birth.



www.saenzanderson.com

33. Instead to allowing Plaintiff to take intermittent leave and instead of allowing Plaintiff to take leave at or around the time she gave birth, Corporate Defendants terminated Plaintiff's employment thereby interfering with her right to take protected FMLA leave.

34. In addition, the Corporate Defendants never offered Plaintiff intermittent leave, thereby interfering with Plaintiff's right to take protected FMLA leave.

35. Defendants interfered with Plaintiff's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

**WHEREFORE**, Plaintiff demands judgment against Corporate Defendants, as follows:

a. Enter judgment in Plaintiff's favor and against Corporate Defendants for their violations of the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff liquidated damages based on Corporate Defendants' conduct;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff any further relief pursuant to the FMLA; and,

g. Grant Plaintiff such other and further relief as this court deems equitable and just.

### COUNT II: INTERFERENCE WITH FMLA RIGHTS AGAINST INDIVIDUAL DEFENDANT

36. Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

37. Plaintiff was an "eligible employee" and entitled to leave under the FMLA.



38. At all times material, Plaintiff gave proper notice to Malone by informing her of Plaintiff's medical condition, of her need to go see doctors on an intermittent basis, and of Plaintiff's need to take FMLA leave at or around the time Plaintiff's expected delivery.

39. Plaintiff provided enough information for Malone to know that her potential leave may be covered by FMLA.

40. Instead to allowing Plaintiff to take intermittent leave and instead of allowing Plaintiff to take leave at or around the time she gave birth, Malone terminated Plaintiff's employment thereby interfering with her right to take protected FMLA leave.

41. In addition, Malone never offered Plaintiff intermittent leave, thereby interfering with Plaintiff's right to take protected FMLA leave.

42. Malone interfered with Plaintiff's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

**WHEREFORE**, Plaintiff demands judgment against Malone, as follows:

a. Enter judgment in Plaintiff's favor and against Defendant Malone for her violations of FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff liquidated damages based on Defendant Malone's conduct;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff any further relief pursuant to the FMLA; and,

g. Grant Plaintiff such other and further relief as this court deems equitable and just.



## COUNT III: FMLA RETALIATION

43. Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

44. Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

45. At all times material, Plaintiff gave proper notice to Defendants by informing Defendants of her medical condition and of her need to take FMLA leave. Specifically, Plaintiff told Defendants that she was going to take FMLA leave close to the time she was going to give birth. Also, Plaintiff gave proper notice when she conveyed her need to take intermittent time off to go see her doctors for visits related to her pregnancy.

46. Plaintiff provided enough information for Defendants to know that her potential leave may be covered by the FMLA.

47. Defendants terminated Plaintiff because she gave notice of her potential need for FMLA intermittent leave.

48. Alternatively, Defendants fired Plaintiff because she was going to avail herself of FMLA leave at or around the time she was going to give birth.

49. Plaintiff has been damaged as a result of Defendant's termination of her employment.

50. Defendants conduct in terminating Plaintiff because she engaged in protected activity is subject to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

   a. Enter judgment in Plaintiff's favor and against Defendants for their violations of the FMLA;

   b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;



www.saenzanderson.com

    c. Award Plaintiff liquidated damages based on Defendants' conduct;

    d. Award Plaintiff prejudgment interest on her damages award;

    e. Award Plaintiff reasonable costs and attorney's fees;

    f. Award Plaintiff any further relief pursuant to the FMLA; and,

    g. Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT IV: VIOLATION OF THE EQUAL PAY ACT

51. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

52. Male colleagues of Plaintiff who were equally qualified as Plaintiff, and who engaged in the same work, were paid more than Plaintiff.

53. By and through its aforementioned acts and conduct, Corporate Defendants violated Plaintiff's rights pursuant to the Equal Pay Act, 29 U.S.C. § 206(d)(1).

54. Despite taking on a greater responsibility by managing the Hotels, Plaintiff was paid significantly less than her male counterparts.

55. Corporate Defendants engaged in the aforementioned acts and conduct with malice and reckless disregard of Plaintiff's rights under the Equal Pay Act, and otherwise in a willful manner.

56. As a result of Corporate Defendants' unlawful acts and conduct, Plaintiff has suffered pecuniary damages such as loss of compensation.

**WHEREFORE**, Plaintiff demands judgment against Corporate Defendants, as follows:

    a. Enter judgment in Plaintiff's favor and against Corporate Defendants for their violations of the Equal Pay Act;



www.saenzanderson.com

    b.  Award Plaintiff the difference in the wages she received, and those wages received by males who performed the same job requiring equal skill, effort, and responsibility under the same or similar working conditions from three (3) years prior to the filing of this lawsuit;

    c.  Award Plaintiff twice the amount of the difference in such wages as liquidated damages;

    d.  Award Plaintiff reasonable costs and attorney's fees;

    e.  Award Plaintiff prejudgment interest on her damages award;

    f.  Grant Plaintiff such other and further relief as this court deems equitable and just.

### COUNT V: VIOLATION OF 42 U.S.C. § 1981

57.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 27 of this Complaint.

58.    Plaintiff is a member of a protected class of Honduran citizens of Honduran descendance.

59.    "Honduran" is a protected race under 42 U.S.C. § 1981.

60.    At all times relevant, Plaintiff was in a contractual relationship with Defendants within the meaning of 42 U.S.C.A. § 1981, as amended.

61.    During the course of Plaintiff's employment with Defendants, the Defendants have violated Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract as is enjoyed by Caucasian or citizens of Honduran descent, in violation of 42 U.S.C.A. § 1981(b), as amended.



www.saenzanderson.com

10

62. During the course of Plaintiff's employment with Defendants, Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or employees who do not belong to the Honduran race.

63. The Defendants' treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 1 to 27 of this Complaint, denied Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or citizens who do not belong to the Honduran race, in violation of 42 U.S.C.A. § 1981, as amended.

64. The Defendants' treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 1 to 27, denied Plaintiff the right to make and enforce contracts as enjoyed by Caucasian and citizens who do not belong to the Honduran race, in violation of 42 U.S.C.A. § 1981, as amended.

65. Through their actions and treatment of Plaintiff, the Defendants intended to discriminate against Plaintiff on the basis of Plaintiff's race and ancestry.

66. During the course of Plaintiff's employment with Defendants, Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race, as more fully described in paragraphs 1 to 27 of this Complaint.

67. Specifically, Defendants paid Plaintiff far less than to those employees who do not belong to the Honduran race, or who do not have Honduran ancestry.

68. Defendants, at all times, had knowledge that Plaintiff was making less money than her similarly situated co-workers who do not belong to the Honduran race and who do not have Honduran ancestry.



69. As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

70. Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, Plaintiff requests that this honorable court:

a. Enter judgment in Plaintiff favor and against the Defendants for its violations of 42 U.S.C.A. § 1981, as amended;

b. Award Plaintiff actual damages suffered;

c. Award Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered;

d. Award Plaintiff prejudgment interest on his damages award;

e. Enjoin the Defendants, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

f. Award Plaintiff an award for punitive damages to be determined by the jury at trial;

g. Award Plaintiff reasonable costs and attorney's fees; and

h. Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: January 11, 2021.

By: /s/ *Tanesha W. Blye, Esq.*
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
R. Martin Saenz, Esquire
Fla. Bar No.: 640166



www.saenzanderson.com

12

Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*



www.saenzanderson.com

13